*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1813**

Cameron Court Homeowners Association,
Respondent,

vs.

Ngozichukwa Akubuike,
Appellant.

**Filed October 6, 2014
Affirmed as modified
Rodenberg, Judge**

Dakota County District Court
File No. 19AV-CV-12-1882

Elizabeth E. Rein, Gary G. Fuchs, Hammargren & Meyer, P.A., Bloomington, Minnesota (for respondent)

Ngozichukwa Akubuike, St. Paul, Minnesota (pro se appellant)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant challenges the district court's award of attorney fees and its dismissal of her counterclaim, and also alleges trial errors. We conclude that the district court did not err in its trial rulings or in its dismissal of appellant's counterclaims. But because there is

an error in the district court's calculation of attorney fees, we affirm the award of attorney fees as modified.

## FACTS

In 2004, appellant Ngozichukwa Akubuike purchased a home included in respondent Cameron Court Homeowner's Association. The unit's initial inspection did not identify any issues with the property and the inspector sent a document to appellant stating that the unit was scheduled to be painted. Both before and after appellant moved in, she requested that respondent paint her unit. Respondent re-inspected the unit and the second inspector concluded that the deteriorated siding was not in "paintable condition."

In December 2010, appellant began withholding payment of the monthly association assessments owed to respondent. Respondent eventually arranged for the painting of appellant's unit in fall 2012.

Because appellant was not paying the association assessments, respondent sued her in Dakota County Conciliation Court in November 2011, claiming that she owed $1,035 in unpaid assessments and late fees and $783 in attorney fees. Default judgment was entered against appellant on January 31, 2012. On appellant's motion, the conciliation court vacated the judgment and ordered a new trial based on appellant's claim that she had not been served with notice of the conciliation court trial. After a trial at which both parties appeared, the conciliation court issued an order for judgment in favor of respondent for $1,133 ($275 in unpaid assessments and late fees and $773 in

attorney fees), but stayed the entry of judgment until June 5, 2012, to allow for removal.[1]

Appellant then moved for vacation of the judgment and removal to district court, which the court granted. Appellant filed an answer and counterclaim in district court, alleging that respondent failed to paint the exterior of her unit in violation of the Declaration's covenants.[2] Respondent then filed its complaint and answer to appellant's counterclaim, requesting recovery of unpaid assessments and late fees and any additional assessments, late fees and attorney fees that would be incurred through the date of trial. On November 7, 2012, the district court issued a scheduling order setting the case for a court trial.[3] The parties filed a joint statement of the case on May 16, 2013, requesting a court trial. On the morning of trial on May 29, appellant requested a continuance for adequate time to prepare for trial, requested a jury trial, and requested that the presiding judge be removed. The district court denied appellant's requests for a continuance and to withdraw her jury-trial waiver. The assigned judge agreed to recuse himself and another judge was available to try the case as scheduled that day.

The case was tried to the court over two days. Respondent offered evidence of the unpaid assessments of $380 (which was not disputed) and $260 in late fees. Appellant

---

[1] It appears that the previously vacated default judgment was docketed instead of the more recent judgment, but because the case was removed to district court and tried de novo, *see* Minn. R. Gen. Pract. 521(a), this apparent clerical error is of no significance in this appeal.

[2] Appellant's counterclaim is based on an alleged violation of Article II, Section 9 of the Declaration, which provides that respondent is responsible to "arrange scheduled maintenance or repair for . . . painting the exterior surfaces of the twinhomes[.]"

[3] The district court set the matter for court trial, but it is unclear whether one or both of the parties had requested a court trial before the joint statement of the case was filed, or whether the district court set the case for a court trial on its own initiative.

offered evidence of her counterclaim and evidence relating to other issues she had with respondent that she claimed justified her nonpayment of assessments. The district court requested posttrial briefing on the issue of attorney fees and issued an order for judgment in favor of respondent for $14,118.80. This appeal followed.

## DECISION

### I.

Appellant contends that the district court abused its discretion in denying her requests to withdraw her jury-trial waiver. "A determination of whether or not to grant a motion to withdraw [a jury-trial waiver] is, in a civil case, addressed to the sound discretion of the court." *Blenda Life Corp. v. Blenda Life, Inc.*, 293 Minn. 448, 451, 196 N.W.2d 925, 927 (1972). We will not overturn a district court's findings unless they are clearly erroneous. *Reserve Mining Co. v. State*, 310 N.W.2d 487, 490 (Minn. 1981).

On the morning of trial, appellant made an oral request for a jury trial to the assigned judge. Before the judge granted her request to remove him from the case, he denied her request for a jury trial based on the November 7 scheduling order.[4] Appellant then renewed her request for a jury trial in her posttrial briefing. It appears that this second request for a jury trial concerned only attorney fees, although the record is unclear. In its written order denying appellant's request for a jury trial on attorney fees, the district court erroneously stated "[a]t no point prior to the start of trial or during the trial did [appellant] request a jury trial." But it found, and the record supports, that

---

[4] In denying her request, he was apparently reading from the November 7 scheduling order and stated "the notice was specific that [the trial] would be a court trial and not a jury trial."

4

appellant did not object to the scheduling order setting the matter for court trial and that appellant agreed to a court trial on May 16, 2013, when the parties filed a joint statement of the case. Although the district court's order contains a factual error, its ultimate finding that appellant waived her right to a jury trial is supported by the record. Appellant agreed to a court trial in the joint statement of the case, filed just two weeks before the trial date.

We also observe that appellant's requests for a jury trial and her motion to remove the judge appear to have been attempts to postpone the trial. Appellant had ample opportunity to request a jury trial after she received notice of the November 7 scheduling order. But she did not. Instead, she agreed to a court trial in the joint statement of the case. The district court did not abuse its discretion in denying appellant's two requests to withdraw her jury-trial waiver where the first such request was not made until the day of trial.

## II.

Appellant contends that the district court erred in its award of attorney fees. Minnesota uses the lodestar method of calculating attorney fees. *Milner v. Farmers Ins. Exch.*, 748 N.W.2d 608, 620-21 (Minn. 2008). Under this method, the district court first determines "the number of hours reasonably expended on the litigation" and the "reasonable hourly rate," then multiplies the two to determine the reasonable compensation for the attorneys' services. *Anderson v. Hunter, Keith, Marshall & Co., Inc.*, 417 N.W.2d 619, 628-29 (Minn. 1988) (quotations omitted). Reasonably expended hours do not include "'hours that are excessive, redundant or otherwise unnecessary'" on

the theory that hours that could not be billed to a client cannot be billed to an adversary under statutory fee-shifting authority. *Id.* at 629 n.10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)). In determining the reasonableness of the hours and rates, a district court considers "all relevant circumstances," including "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client." *Milner*, 748 N.W.2d at 621 (quotation omitted).

Second, "the [district] court must consider the results obtained in determining whether to adjust the fee upward or downward." *Johns v. Harborage I, Ltd.*, 585 N.W.2d 853, 863 (Minn. App. 1998) (citing *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940).

Generally, the district court is most "familiar with all aspects of the action from its inception through post trial motions" and is in the best position to evaluate the reasonableness of requested attorney fees. *Anderson*, 417 N.W.2d at 629. An appellate court will not reverse a district court's determination of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn. 1987). "The reasonableness of the hours expended and the fees imposed raise questions of fact, and the district court's findings will be reversed only if they are clearly erroneous." *City of Maple Grove v. Marketline Constr. Capital, LLC*, 802 N.W.2d 809, 819-20 (Minn. App. 2011) (citing *Amerman v. Lakeland Dev. Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400, 400-01 (1973)).

6

Here, the Declaration and By-Laws governing the collection of assessments allow respondent to collect "reasonable attorney fees" when prevailing in litigation against it. Appellant contends that the district court did not delineate the method used in awarding attorney fees, that there was no evidence offered of attorney fees, and that the amount awarded is unreasonable and not supported by the evidence.

Although the district court articulated findings to support its conclusion that almost all of the billed fees were reasonable, the billing sheets do not support the amount awarded. At trial, respondent submitted an affidavit in support of its claim for attorney fees. In it, the fees were described in detail, and totaled $8,834.30 including costs and disbursements. In the affidavit, the attorney estimated additional costs for the trial, with a total estimated attorney-fee amount of $9,175.50. In a July 1, 2013 affidavit attached to its posttrial motion, respondent provided line items totaling $3,967.50 in attorney fees dating from May 28 to July 1. This affidavit then added $3,967.50 to the earlier estimation of $9,175.50 plus $758.80 in costs, resulting in a claim for $13,901.80. This resulted in the claim including both an estimate of the trial costs and the actual trial costs. The proper amount that is substantiated by the billing record is $8,834.30 plus $3,967.50, totaling $12,801.80. The starting point for the district court's analysis should have been $12,801.80.

Next, the district court reduced the amount of reasonable attorney fees by $423, representing fees incurred in 2011 before this suit was commenced and what the district court found to be an excessive charge for drafting the summons and complaint. These deductions are supported by the record. But the district court deducted from $13,901.80

7

rather than from $12,801.80. Allowing the $423 deduction from the proper starting point of $12,801.80 results in a net award of $12,378.80, which the record supports.

As to the manner of computing fees, the district court used the lodestar method and made findings to support its award. The record includes affidavits from two of respondent's attorneys as well as itemized billing records. The district court determined that certain of the claims were not reasonable, as discussed above. The district court found the balance of the claimed fees to be reasonable, in light of the complexity of the case, involving a two-day trial and posttrial submissions. The district court's finding on this factor is not clearly erroneous.

Concerning the nature and difficulty of the responsibility assumed, the district court concluded that, although "this matter was not the most complicated trial and did not deal with complex questions of law, the matter did require two days of trial and posttrial submissions, which included proposed findings and a memorandum." This finding is supported by the record.

In analyzing the amount involved and the results obtained, the district court found the claimed fees to be reasonable even though they are "nearly 20 times greater than [respondent's] award." It reasoned that, although "the amount in controversy was not that great, [respondent] was required to go through two conciliation court trials and then a two day court trial in this matter." It further reasoned that appellant "unreasonably protracted this litigation. [Respondent] had to defend against [appellant's] counterclaim which was essentially meritless considering the fact that her main claim was for breach of

8

contract for failure to paint her house and her house was painted more than six months prior to the commencement of trial."

Appellant argues that the district court clearly erred in finding that she unreasonably protracted the litigation. Appellant agrees that she did not pay the full amount of the assessments. But she argued throughout the litigation that, because respondent did not promptly paint her unit, she did not owe the full amount of the assessments. The district court rejected her claims and determined that they find no support in the parties' agreement. The district court's finding is not clearly erroneous.

Concerning the factor of the fees customarily charged for similar legal services and the experience, reputation, and ability of counsel, and the fee arrangement existing between counsel and the client, the district court made a general finding that the amounts are reasonable. Appellant does not contend that this finding is clearly erroneous. And it is not.

In sum, the district court properly applied the lodestar method for determining reasonableness of attorney fees and, except for a computational error which we correct, did not clearly err in its findings. We affirm the award of attorney fees, as modified to $12,378.80.

**III.**

Appellant challenges the dismissal of her counterclaim. When a district court sits without a jury, our review is limited to a determination of whether the district court's findings are clearly erroneous, as either without substantial evidentiary support or based on an erroneous conclusion of law. *Reserve Mining Co.*, 310 N.W.2d at 490. We do not

9

defer to the trial court's ultimate conclusions of law. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn. 1977).

In dismissing appellant's counterclaim, the district court concluded that appellant's claim failed for three reasons. First, appellant "failed to fix her siding that was a condition precedent for [respondent] painting her house." Second, appellant's unit was painted before trial. Therefore, appellant did not show that respondent materially breached the covenant. The district court reasoned that "[t]here is nothing in the 1993 Declaration or the By-Laws that require [respondent] to perform the painting exactly when [appellant] wants them to." Third, appellant failed to prove damages. On careful review of the record, the district court's findings are supported by the record.

Appellant contends that the district court erred in not allowing her to offer evidence of damages supporting her counterclaim for breach of contract. The only evidence of damages that appellant sought to introduce was hearsay evidence that her interest rate was adversely affected by respondent's inaction. The district court sustained hearsay and foundation objections to that evidence. Appellant's counsel did not identify any exception to the rule against hearsay and provided no further foundation. Instead, counsel changed the course of questioning and offered no further evidence of damages occasioned by the delay in painting. And the record supports the district court's finding that appellant failed to fix the siding on her home to accommodate repainting. Moreover, respondent did ultimately repaint. The district court did not abuse its discretion in dismissing appellant's counterclaim after finding that appellant had failed to prove any breach by respondent and had not proven damages.

10

**IV.**

Appellant contends that the district court communicated ex parte with respondent's attorney regarding the organization of exhibits. This argument misstates the record. The parties discussed the organization of the exhibits with the district court before trial. There is no evidence of any improper ex-parte communication.

Appellant lists numerous alleged evidentiary errors at trial. Appellant raised none of these issues at trial. We therefore apply a plain error standard of review. *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 626 (Minn. 2012). Appellant has failed to either show that any of the challenged rulings of the district court were erroneous or that she was prejudiced.

In sum, we modify the district court's attorney fee award to $12,378.80. We discern no other error by the district court.

**Affirmed as modified.**